**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

GLORIA CHELLMAN-SHELTON and )
RICHARD SHELTON, )
                                )
     Plaintiffs, )
v. )                  NO: 3:04-0403
                                )                  JUDGE HAYNES
TOWN OF SMYRNA, et al., )
                                )
     Defendants. )

## M E M O R A N D U M

Plaintiffs, Gloria Chellman-Shelton and Richard Shelton, filed this action under 42 U.S.C.

§ 1983, against the Defendants: The Town of Smyrna, Mayor Bob Spivey, former Town Clerk Bert

Meece, Town Clerk Dianne Waldron, Councilman Paul Johns, Councilman Jerry Oshxer,

Councilman Tony Dover, Councilman Ed Garner, Codes Department Randy Salyer, Planning

Manager Kevin Rigsby, Town Manager Mark O'Neal, former Mayor Robert Mullins, Former

Councilman Bill Jordan, Former Councilwoman Denis Esker, former Councilman H.G. Cole, former

Codes Manager Alford Fann, former Town Manager Dan Collins, and former Town Manager Enoch

Jarrell.

Plaintiffs' claims are for alleged violations of their due process and equal protection rights

under the Fourteenth Amendment and their First Amendment right to free speech and assembly.

Plaintiffs' claims arise out of an adjoining landowners' dispute when Plaintiffs' neighbor

constructed a chain link fence that Plaintiffs assert violates municipal ordinances and/or restrictive

covenants. Plaintiffs' neighbors filed a state court action on this controversy, <u>Glenn v. Shelton</u>,

Rutherford County Chancery Court, No. OOCV-86. Plaintiffs also filed a state court action against

the Glenns and the Town of Smyrna as well as numerous town employees and council members in

the Chancery Court of Rutherford County, Tennessee on April 23, 2004.

The Defendants removed the action to this Court and this Court abstained from exercising federal jurisdiction and remanded the matter to the Chancery Court of Rutherford County, citing the pending state court action. The Defendants appealed that order and Plaintiffs filed an amended complaint in state court.

On July 28, 2006, the Sixth Circuit reversed and remanded, because the state court action was no longer pending. (Docket Entry No. 55). This case was reopened. After remand to the Chancery Court, Plaintiffs non-suited their state court action against the Glenns. On September 12, 2006, the Plaintiffs filed their second amended complaint, (Docket Entry No. 61), that the Defendants answered (Docket entry No. 62). Plaintiffs were granted leave to file a third amended complaint, but have not done so.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 99) and Plaintiffs' motion for leave to filed revised third amended complaint (Docket Entry No. 78).

In their motion, the Defendants contend that Plaintiffs' second amended complaint mentions only the Defendants: the Town of Smyrna, Randy Salyer, Kevin Rigsby, Alred Fann, Bert Meece, Mayor Bob Spivey and Mark O'Neal as violating Plaintiffs' First and Fourteenth Amendment rights. In sum, Plaintiff fails to make any specific allegations against the following Defendants: Paul Johns, Tony Dover, Bill Jordan, H.G. Cole, Enoch Jarrell, James Yates, Lance Lee, Dianne Waldron, Jerry Oshxer, Ed Garner, Robert Mullins, Denise Esker, Dan Collins, Michele Elliott and Mary Esther Bell.

To state a cognizable § 1983 claim, the plaintiff must allege some facts evincing personal involvement by each of the named defendants. <u>Salehpour v. Univ. Of Tenn.</u>, 159 F.3d 199, 206

2

(6th Cir. 1996); Copeland v. Machulis, 57 F.3d 476 (6th Cir. 1995) (personal involvement by the defendant is an essential element is a § 1983 claim). Moreover, a complaint must identify the "specific conduct" of each defendant that is the basis of the constitutional violation. Leed v. City of Muldraugh, Meade County, Kentucky, 174 Fed.Appx. 251, 255 (6th Cir. 2006). The Court concludes that except for Defendants Town of Smyrna, Salyer, Rigsby, Fann, Meece, Spivey and O'Neal, the remaining Defendants should be dismissed.

Plaintiffs' second amended complaint alleges that the Defendants violated their constitutional rights in 2000 and 2001 by failing to enforce a town ordinance on fences against owners of property. (Docket Entry No. 61, Second Amended Complaint at ¶¶ 1-10). Plaintiffs allege that the Defendants enforced this ordinance against other property owners in the Town of Smyrna. Id. at ¶ 8. Plaintiffs also allege that the Defendants refused to allow Plaintiff Chellman-Shelton to speak at the December 2002 and January 2003 Town Council meetings. Id. ¶¶ 15-16. In addition, the Plaintiffs allege that on February 11, 2003, the Town Clerk failed to provide Plaintiffs with copies of Ordinance 02-05, as requested.

In Tennessee, the federal civil rights actions are governed by a one year statute of limitations, Tenn. Code Ann. § 28-3-104(a)(3)(2000). See Berndet v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Plaintiffs' original complaint was filed on April 23, 2004. The Defendants' alleged acts in paragraphs 1-18(a) of the second amended complaint occurred and arose more than one years prior to the filing of this action. Thus, Plaintiffs' due process and equal protection claims and their First Amendment claims are barred by the applicable one year statute of limitations.

As to Plaintiffs' equal protection claim, Billy Glenn and Crystal Glenn v. Richard Shelton and Gloria Shelton, Rutherford County Chancery Case No. OOCV -886, the Honorable Robert E.

3

Corlew, III, Chancellor for the Sixteenth Judicial District of Tennessee, ruled that the Glenns' fence did not violate the Town of Smyrna ordinances. Under the doctrine of collateral estoppel, federal courts must give the same preclusive effect to state court judgment as do state courts. Ingram v. City of Columbus, 185 F.3d 579, 593 (6th Cir. 1999). In Tennessee, "collateral estoppel" is the "judicially promulgated policy to repose preventing relitigation of a particular dispositive issue which was necessarily or actually decided with finality in a previous suit involving at least one of the parties on a different cause of action." Morris v. Esmark Apparel, Inc., 832 S.W.2d 563, 565 (Tenn. Ct. App. 1991) (citations omitted). In determining whether the application of collateral estoppel is appropriate, the court should consider:

> (1) whether the issue decided in the prior adjudication wad identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudications; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Id. at 566 (citations omitted).

As applied here, first the Chancery Court's order on the application of the Town's municipal ordinance is identical to Plaintiffs' equal protection claim in this action. Chancellor Corlew ruled in April 2003, that the Plaintiffs' neighbors' fence was not in violation of Smyrna's municipal ordinances. In a word, if the fence were not in violation of the Town's municipal ordinance, then Plaintiffs' federal claims for unequal application of such ordinance necessarily fail. As to the second element, a state court judgment on the merits "exhausts the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties and their privies upon the same cause of action." Madyun v. Ballard, 783 S.W.2d 946, 947 (Tenn.Ct.App. 1989). Clearly, the Chancery Court's Order finally determined Plaintiffs' claim that the Defendants failed to enforce

4

town ordinances against their neighbors, the Glenns. Plaintiffs had the right to file on direct appeal. For the third element, the Plaintiffs were parties to the prior adjudication and Plaintiffs had a full and fair opportunity to litigate the ordinance enforcement issue in the prior state court action.

Thus, the Court concludes that the collateral estoppel doctrine bars this § 1983 action on Plaintiffs' equal protection claim based upon the Defendants' alleged wrongful failure to enforce town ordinances against their neighbors, the Glenns.

In paragraph 18(b) of the second amended complaint, Plaintiffs allege that they were not provided with the specific documents they requested from the Town Clerk. Assuming this factual allegation to be true, such a failure does not create a constitutional violation as there is not a constitutional right to examine public records. See Abernathy v. Whitely, 838 S.W.2d 211, 214 (Tenn.Ct.App. 1992). For any claim under the Tennessee Open Records Act, Tenn. Code Ann. § 10-7-501 et seq., the state courts have jurisdiction over such claims. Tenn. Code Ann. § 10-7-505(b) (1999 Repl.) (emphasis added). This Court lacks subject matter jurisdiction over this claim. Allen v. Day, 2006 Tenn. App. LEXIS 542, *8 (Aug. 11, 2006).

Moreover, this Court declines to exercise supplemental jurisdiction given the Tennessee legislature preference that Open Records Act claims be filed in Chancery courts. Tenn. Code Ann. § 10-7-505(b). See Gregory v. Shelby Co., 220 F.3d 433, 446 (6th Cir. 2000), "[u]nequivocal preference is an exceptional circumstance for declining jurisdiction.")

In paragraphs 19 and 20 of the second amended complaint, Plaintiffs claim is that April 29, 2003 was the scheduled time for a special called town council meeting. Plaintiff intended to serve Defendants Spivey and O'Neal at that meting with subpoenas duces tecum for in a court proceeding. The Defendants admit the meeting was not held at the scheduled time, but was held at a different

5

time on the same day. Plaintiffs allege that the latter meeting was conducted "without proper notice and without adhering properly to procedures and regulations required." (Second Amended Complaint, ¶ 20).

The Court concludes that Plaintiffs federal constitutional rights are not impacted by change of the meeting times of a local government entity. Plaintiffs' only alleged injury is that their inability to serve their subpoena <u>duces</u> <u>tecum</u>, as planned. With the state court actions, the Court does not discern a federal constitutional violation in these circumstances.

In paragraphs 25(a) through (f), Plaintiffs allege constitutional violations and violations of the Tennessee Open Records Act and Open Meetings Act for which they seek declaratory relief. As stated earlier, Plaintiffs' federal claims are time barred or are not cognizable federal claims. This Court exercises its discretion not to entertain this action based upon state law claims. <u>See</u> <u>Wilton</u> <u>v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995).

In the motion for leave to file their third amended complaint (Docket Entry No.66), the Plaintiffs seek permission to add the following person as defendants: Michele Elliott, the town attorney; James Yates, town councilman; Mary Esther Bell, town councilwoman; and Lance Lee, town councilman. Plaintiffs' motion does not describe any specific allegations other than Defendant Waldron's attendance at a special executive session meeting.

Plaintiffs' did not attach their proposed third amended complaint to their motion nor did Plaintiffs file an actual third amended complaint. Compare (Docket Entry No. 66) the related motion that is identical to what the Clerk listed as the third amended complaint. (Docket Entry No. 78). With the filing of only a motion to amend without the actual proposed amended complaint complaint, the Court can deny the motion. See <u>Hernandez v. Garrison</u>, 915 F.2d 291, 293 (5th Cir.

6

1990). If the motion is deemed to be the actual third amended complaint, then such an amended complaint does not satisfy the <u>Leeds</u> pleading requirements. In any event, this third amended complaint, refers to the Town holding "Special Executive Session Meetings" that should have been open to the public. These claims are, in essence, that the Town and its officials allegedly violated the Tennessee Open Records Act and the Tennessee Open Meetings Act. As stated earlier, these allegations do not state a federal claim.

Accordingly, the Defendants' motion to dismiss (Docket Entry No. 99) should be granted and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this _____ 24ᵗʰ _____ day of September, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge